1
2
3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TONIA ANTONACCI, an individual, and as TRUSTEE OF THE TONI ANTONACCI FAMILY TRUST, California Residents, | 2:14-cv-01876-LDG-CWH |
|   Plaintiffs, | ORDER |
| v. | |
| ROXANNE SPARKS, an individual residing in the State of Nevada; COLOURS, INC., a Nevada corporation; LESLIE PARRAGUIRRE, an individual residing in the state of Nevada; et al., | |
|   Defendants. | |
| COLOURS, INC., a Nevada corporation, LESLIE PARRAGUIRRE, an individual, | |
|   Counterclaimants, | |
| v. | |
| TONIA ANTONACCI, an individual; and as TRUSTEE OF THE TONI ANTONACCI FAMILY TRUST; et al., | |
|   Counterdefendants. | |
| COLOURS, INC., a Nevada corporation; LESLIE PARRAGUIRRE, an individual, | |
|   Crossclaimants, | |
| v. | |
| ROXANNE SPARKS; et al., | |
|   Crossdefendants. | |

Counterdefendants Tonia Antonacci individually and as Trustee of the Toni Antonacci Family Trust (jointly "Antonacci"), have filed a motion for judgment on the pleadings (#12, opposition #13, reply #14) against counterclaimants Colours, Inc., and Leslie Parraguirre (jointly "Parraguirre") on Parraguirre's claims for negligent misrepresentation. The thrust of Antonacci's argument is that the tort of negligent misrepresentation in Nevada requires that the misrepresentation occur in a business transaction, and that Parraguirre has failed to plead such.

I.   Rule 12( c) standard

Judgment on the pleadings is proper when, taking all of the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. Nelson v. City of Irvine, 143 F.3d 1196, 1200 (9th Cir. 1998). Of course, conclusory allegations are insufficient to defeat a motion for judgment on the pleadings. McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).

II.   Context of the negligent misrepresentation

Nevada has adopted the definition in Restatement (Second) of Torts § 552 of negligent misrepresentation:

> One who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Barmettler v. Reno Air, Inc., 956 P.2d 1382, 1387 (Nev. 1998).

While the Nevada Supreme Court has found that the tort of negligent misrepresentation applies "only to business transactions," 956 P.2d at 1387, the rule does not require that the business transaction be between the supplier of the false information and those justifiably relying on the information. Indeed, the information need only be supplied "for the guidance of others in their [–that is to say the others'–] business transactions." Id. (bracketed material added). To interpret the rule to apply only to business transactions between the supplier and recipients of the

false information would be to make superfluous the phrase "or in any other action in which he has a pecuniary interest" because there would never be a business transaction between the supplier of the information and the recipient that would not also involve the supplier's pecuniary interest.

Barmettler is not inconsistent with this reading.  In that case, the defendant's alleged breach of the promise of confidentiality did not involve the supplying of false information for the guidance of plaintiff in any business transaction.

III.     Sufficiency of Parraguirre's negligent misrepresentation claim

Parraguirre's counterclaim allegations, which are accepted as true, assert that Antonacci had a pecuniary interest in recommending Sparks to Parraguirre because Antonacci was still able to use Sparks for personal and business matters while Sparks was employed by Parraguirre.  Allegedly under this arrangement, Antonacci also had the use and benefit of Colour's supplies and computers as a result of Sparks' employment with Parraguirre.  These allegations sufficiently allege action in which Antonacci had a pecuniary interest in guiding Parraguirre to undertake a business transaction with Sparks by employing her.  Moreover, it is not the nature of the recommendation given by Antonacci to Parraguirre, nor whether the information was supplied for business or personal reasons, but whether Antonacci had a pecuniary interest in seeing the business transaction between Sparks and Parraguirre take place.  See Beckman v. Match.com, 2013 WL 2355512 *8 (D. Nev. May 29, 2013) ("To permit Match.com to avoid a negligent misrepresentation claim because its services are necessarily personal in nature would be to shroud Match.com in immunity from this claim based on the nature of services it sells").  Antonacci's motion for judgment on the pleadings will be denied.

IV.     Motion for leave to file amended complaint

Furthermore, Antonacci's motion and amended motion to amend the complaint (#20 and #28, opposition #32, reply #33) will be denied.  Antonacci's allegations do not reconcile the date of the alleged teleconference between Antonacci and Leslie and Ron Parraguirre with the close of

1   escrow on the relevant property the day before.  Nor does Antonacci establish the existence of the

2   type of special relationship between her and the Parraguirres that would support a claim for

3   fraudulent concealment.  Finally, the court is not convinced that both parties in a marital

4   relationship need be named in the lawsuit before community assets can be reached based on the

5   conduct of just one of the parties.  Accordingly,

6        THE COURT HEREBY ORDERS that plaintiffs' motion for judgment on the pleadings

7   (#12) is DENIED.

8        THE COURT FURTHER ORDERS that plaintiffs' motion and amended motion for leave

9   to file an amended complaint (#20 and #28) are DENIED.

10        THE COURT FURTHER ORDERS that counterclaimants' motion to strike declaration

11   (#36) is DENIED.

12

13   DATED this ___ day of March, 2016.

14

15                              _____

16                             Lloyd D. George
                                United States District Judge

17

18

19

20

21

22

23

24

25

26

4