1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

10  TONIA ANTONACCI, *et al*.,

11      Plaintiffs,                    Case No. 2:14-cv-01876-LDG (CWH)

12  v.                                 **ORDER**

13  ROXANNE SPARKS, *et al*.,

14      Defendants.

15  _____

16  And Related Counterclaims and Cross-claims.

17

18

19      As alleged in the complaint, Roxanne Sparks worked as a bookkeeper for both

20  plaintiff Tonia Antonacci and defendant Linda Parraguirre's company, defendant Colours,

21  Inc.  In April 2014, Antonacci's American Express account was closed.  In May 2014,

22  Parraguire called Antonacci, informed her that Sparks had cleaned out her office and was

23  not answering her phone.  Parraguirre further informed Antonacci that Parraguire's

24  American Express account had also been closed.

25      Antonacci subsequently discovered that, beginning in 2011, Sparks had been

26  transferring money from accounts held by Antonacci (either personally or as Trustee of

1   plaintiff The Toni Antonacci Family Trust) to Colours, Parraguirre, and Sparks.  Antonacci

2   brought a claim for unjust enrichment against Colours and Parraguirre, and now seeks

3   partial summary judgment on that claim (ECF No. 48).  Colours and Parraguirre oppose the

4   motion and have filed a cross-motion for summary judgment as to that claim (ECF No. 61).

5   They also move to strike declarations and exhibits attached to Antonacci's reply, as well as

6   her supplemental statement of undisputed facts. (ECF No. 69)  The Court will grant the

7   motion to strike, but will deny the cross-motions for summary judgment.

8   Motion for Summary Judgment

9       In considering a motion for summary judgment, the court performs "the threshold

10  inquiry of determining whether there is the need for a trial—whether, in other words, there

11  are any genuine factual issues that properly can be resolved only by a finder of fact

12  because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty*

13  *Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir.

14  2012).  To succeed on a motion for summary judgment, the moving party must show (1)

15  the lack of a genuine issue of any material fact, and (2) that the court may grant judgment

16  as a matter of law.  Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

17  (1986); *Arango*, 670 F.3d at 992.

18      A material fact is one required to prove a basic element of a claim.  *Anderson,* 477

19  U.S. at 248.  The failure to show a fact essential to one element, however, "necessarily

20  renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.  Additionally, "[t]he mere

21  existence of a scintilla of evidence in support of the plaintiff's position will be insufficient."

22  *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting

23  *Anderson*, 477 U.S. at 252).

24      "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after

25  adequate time for discovery and upon motion, against a party who fails to make a showing

26  sufficient to establish the existence of an element essential to that party's case, and on

1  which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  "Of

2  course, a party seeking summary judgment always bears the initial responsibility of

3  informing the district court of the basis for its motion, and identifying those portions of 'the

4  pleadings, depositions, answers to interrogatories, and admissions on file, together with the

5  affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material

6  fact." *Id.*, at 323.  As such, when the non-moving party bears the initial burden of proving,

7  at trial, the claim or defense that the motion for summary judgment places in issue, the

8  moving party can meet its initial burden on summary judgment "by 'showing'–that is,

9  pointing out to the district court–that there is an absence of evidence to support the

10  nonmoving party's case." *Id.,* at 325.  Conversely, when the burden of proof at trial rests

11  on the party moving for summary judgment, then in moving for summary judgment the

12  party must establish each element of its case.

13       Once the moving party meets its initial burden on summary judgment, the non-

14  moving party must submit facts showing a genuine issue of material fact.  Fed. R. Civ. Pro.

15  56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir.

16  2000).  As summary judgment allows a court "to isolate and dispose of factually

17  unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the

18  evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H.*

19  *Kress & Co.*, 398 U.S. 144, 157 (1970).  The allegations or denials of a pleading, however,

20  will not defeat a well-founded motion.  Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co.*

21  *v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  That is, the opposing party cannot

22  "'rest upon the mere allegations or denials of [its] pleading' but must instead produce

23  evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'"

24  *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed.

25  R. Civ. Pro. 56(e)).

26

Motion to Strike

Pursuant to Fed. R. Civ. Proc. 56, and Local Rule 56-1, when a moving party bears the burden of proof, the burden rests on the movant to set forth each fact material to the disposition of a summary judgment motion, and to cite to the particular part of the record supporting the assertion that the fact cannot be disputed.  Such material must be presented with the moving papers, and not presented in the first instance on reply.

Antonacci argues that it is appropriate, in this instance, to allow her to supplement her motion with additional evidence and statements of fact because she did not have any reason to anticipate that the defendants would contest certain issues.  Antonacci's failure to anticipate the defendants' defenses to her claim does not excuse her failure to submit all evidence material to her claim in support of her moving papers, rather than in her reply.

The Court will strike all exhibits attached to Antonacci's reply.  Further, the Court will not consider any argument raised in the reply that relies upon the exhibits.

Background

As established by admissible evidence, beginning in November 2011, Sparks began executing the transfer of money from an account held and controlled by Antonacci to accounts opened in the name of Colours and Parraguirre.  She did so without the authorization of Antonacci or the knowledge of Parraguirre.  Antonacci has requested that Parraguirre and Colours repay the money to her, but they have refused.

Analysis

Both parties agree that under Nevada law, to prevail on a claim of Unjust Enrichment the plaintiff must establish: (1) a benefit was conferred on the defendants by the plaintiff; (2) the defendants appreciated that benefit; and (3) the defendants accepted and retained that benefit under circumstances such that it would be inequitable for defendants to retain the benefit without payment of the value thereof to plaintiff.  *See, Certified Fire Prot. Inc. v. Precision Constr*., 283 P.3d 250, 257 (Nev.  2012).  When sitting

1   in equity, courts must consider the entirety of the circumstances that bear upon the

2   equities.  *See Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1114-1115

3   (Nev. 2016).

4         Antonacci argues that "money is a straightforward benefit."  In this matter, Sparks

5   deposited money that came from Antonacci into the accounts of Parraguirre and Colours.

6   As such, Antonacci asserts that she conferred a benefit on the defendants.

7         While Antonacci has established that Sparks embezzled money from her, she has

8   not shown that, in considering the totality of the circumstances that bear upon the equities,

9   a benefit was conferred on the defendants.  Antonacci's argument rests upon the incorrect

10  premise that the totality of circumstances, in this case, is limited to the initial transactions

11  from her accounts (executed by Sparks without her authorization) to the defendants'

12  accounts.

13        Initially, the Court must note the absence of evidence that the defendants had

14  control of the accounts.  The absence is of particular importance in this matter, as the

15  central figure in the circumstances is Sparks.  As Antonacci acknowledges, Sparks

16  engaged in transactions without her authorization.  In light of this circumstance, evidence

17  that Sparks deposited money into an account does not establish, as an undisputed fact,

18  that the account was in the control of the company or person named on the account.

19        However, even if the Court were to assume that the defendants had control of the

20  accounts, such assumption does not establish, as a matter of law, that a benefit was

21  conferred upon the defendants.  Antonacci had control of her accounts.  Such control,

22  however, did not preclude Sparks from taking money from Antonacci's accounts without

23  her authorization.  While Antonacci has presented evidence that Sparks deposited the

24  money into accounts in the name of the defendants, she has also alleged that Sparks

25  drafted checks from Antonacci's accounts payable to Sparks.  Antonacci has not presented

26  any evidence (much less undisputed evidence) that Sparks' faithless conduct was limited to

her improper use of Antonacci's accounts.  Rather, the defendants have presented evidence that, in connection with leaving the employment of the defendants, Sparks did so in a manner that left the defendants' financial status in disarray.  The defendants have also presented some evidence that Sparks created accounts in their names without authorization.  While Sparks testified, in her deposition, that the transfers were solely for the benefit of the defendants, the issue remains in dispute.  Rather, the totality of the circumstances precludes a determination, as an undisputed fact, that Sparks' conduct (transferring funds from Antonacci to accounts held by the defendants) was for the benefit of the defendants rather than an additional step in a process that Sparks used to obtain a financial benefit for herself.

The Court acknowledges Antonacci's evidence suggesting that Sparks' unauthorized transfer of funds sometimes occurred as the balance of defendants' accounts approached zero and shortly before a required expenditure.  If the totality of circumstances could be limited to these several transactions, the Court would agree that the defendants received a benefit.  Given that this matter involves a faithless bookkeeper, however, requires that the circumstances be considered in a broader context.  That broader context requires evidence as to the reasons that the accounts lacked sufficient funds.  It may well be that the lack of sufficient funds was due solely to the defendants' business being operated without sufficient income to offset expenses.  However, the evidence also establishes that the defendants were employing a bookkeeper willing to take funds for personal use from an employer without authorization.

In short, the evidence establishes that a faithless bookkeeper took money from Antonacci and deposited that money into accounts in the names of the defendants.  The evidence does not establish, as an undisputed fact, that the bookkeeper did so for the benefit of the defendants.

1    Antonacci's argument that the defendants appreciated and retained the benefits

2    similarly fail.  That Antonnaci informed the defendants that Sparks had transferred money

3    into accounts held in their name, *after* Sparks had left the defendants' employment, leaving

4    the defendants' financial records in disarray, does not establish that the defendants

5    appreciated a benefit.  Rather, such evidence establishes only that Antonnaci informed the

6    defendants of Sparks' conduct of which Antonnaci was aware.  Antonacci did not, and

7    could not, inform the defendants that they received a benefit, which they could then

8    appreciate.  Rather, she provided information that notified the defendants only that Sparks

9    had deposited money into accounts held in their names, and that Antonacci had not

10   authorized the transfer of money.

11    In short, the totality of the circumstances requires consideration of Sparks' use of

12   the accounts of the defendants.  Those circumstances include, however, evidence that

13   Sparks terminated her employment and left the defendants' finances in disarray.  The

14   circumstances further include some evidence that Sparks created accounts in the names of

15   the defendants without their authorization.  In light of these circumstances, Antonacci has

16   not met her burden of showing undisputed facts supporting a finding the defendants

17   received and appreciated a benefit from Antonacci.

18    For similar reasons, however, the defendants are not entitled to summary judgment

19   on Antonacci's unjust enrichment claim.  Their argument rests solely[1] on the assertion that,

20   because they were unaware that Sparks was transferring money into their accounts at the

21   time she was doing so, Antonacci cannot establish that they appreciated the benefit

22   conferred from Antonacci.

23

24   _____

25   [1]    For purposes of their motion, the defendants have not argued that Antonacci
cannot meet her burden of showing the first and third elements of an unjust enrichment
26   claim, and have limited their argument to the second element that they did not appreciate
the benefit.

The Court disagrees.  The lack of appreciation of a benefit at the time first conferred, or even shortly after first conferred, does not establish that the recipient can never appreciate the benefit.  The defendants have shown, at most, that they did not appreciate the benefit at the time it was conferred.  The only inference permitted from this evidence is that Antonacci cannot show the defendants appreciated the benefit at the time it occurred.  This evidence does not establish that Antonacci cannot meet her burden of showing that, at some time subsequent to the transfer of the money into their accounts, the defendants appreciated the benefit that was conferred on them.

Accordingly, for good cause shown,

THE COURT **ORDERS** that Defendants' Motion to Strike (ECF No. 69) is GRANTED.  The Clerk of the Court shall STRIKE all attachments to Plaintiffs' Reply to Motion for Partial Summary Judgment (Exhibits to ECF No. 65).  Further, the Court has not considered the Plaintiffs' Reply to the extent it relies upon the attachments to the Reply.

THE COURT FURTHER **ORDERS** that Plaintiffs' Motion for Partial Summary Judgment (#48) is DENIED.

THE COURT FURTHER **ORDERS** that Defendants' Counter-Motion for Partial Summary Judgment (#61) is DENIED.

DATED this _____ day of March, 2017.

_____
Lloyd D. George
United States District Judge