UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONIA ANTONACCI, *et al.*, <br><br>    Plaintiffs, <br><br> v. <br><br> ROXANNE SPARKS, *et al.*, <br><br>    Defendants. <br><br> And Related Counterclaims and Cross-claims. | Case No. 2:14-cv-01876-LDG (CWH) <br><br> **ORDER** |

As alleged by the parties in their pleadings, Roxanne Sparks worked as a bookkeeper for both plaintiff Tonia Antonacci and defendant Linda Parraguirre's company, defendant Colours, Inc. During her employment for both parties, and without the authorization of any of the parties, Sparks transferred money from accounts held by Antonacci (either personally or as Trustee of plaintiff The Toni Antonacci Family Trust) to accounts in the names of Colours and Parraguirre, and also to Sparks.

Parraguirre and Colours brought a counterclaim for negligent misrepresentation against Antonacci. They allege that Antonacci had employed Sparks prior to Sparks employment for Colours. Parraguirre indicated to Antonacci that Colours needed a new

bookkeeper, and asked Antonacci for any recommendations. Antonacci recommended Sparks. Parraguirre reviewed Sparks' resume and interviewed her. Relying on this information and Antonacci's recommendation, Colours hired Sparks as its bookkeeper.

Antonnaci now seeks partial summary judgment on the negligent misreprentation counterclaim (ECF No. 53). Colours and Parraguirre oppose the motion (ECF No. 59). Having considered the papers and pleadings, the Court will grant the motion.

<u>Motion for Summary Judgment</u>

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Of

course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.*, at 323.  As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.,* at 325.  Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact.  Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).  As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The allegations or denials of a pleading, however, will not defeat a well-founded motion.  Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  That is, the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

Analysis

Nevada has adopted the definition in Restatement (Second) of Torts § 552 of negligent misrepresentation:

> One who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Barmettler v. Reno Air, Inc*., 956 P.2d 1382, 1387 (Nev. 1998).

Citing *Barmettler*, Colours and Parraguirre assert that:

> [a] successful negligent misrepresentation claim requires a showing of three elements:
> 1. A defendant failed to exercise reasonable care or competence in obtaining or communicating information to a plaintiff in an action in which the defendant had a pecuniary interest;
> 2. The plaintiff justifiably relied on the information; and
> 3. The plaintiff suffered damages as a result.

*Opposition*, ECF No. 59, p. 7, ll. 6-12.  This summary of elements is incomplete, as it omits the requirement that the defendant "supplie[d] false information for the guidance of others in their business transactions."  The counterclaimants brought a claim for negligent misrepresentation.  Negligent misrepresentation does not rest merely upon the supplying of information (either obtained or communicated without the exercise of reasonable care or competence), but the supplying of *false* information.

Unsurprisingly, given the counterclaimants' omission of the element of supplying false information, they fail to offer any argument or evidence that Antonacci supplied them with false information.  As Colours and Parraguirre cannot show that Antonacci supplied them with false information, all disputes of facts as to the remaining elements of the counterclaim are, by definition, immaterial to determining whether summary judgment is appropriate.  Accordingly, for good cause shown,

4

1   THE COURT **ORDERS** that counter-defendant Tonia Antonacci's Motion for Partial
2   Summary Judgment (#53) is GRANTED.  The counterclaimants' counterclaim for negligent
3   misrepresentation is DISMISSED without prejudice.

5   DATED this 29 day of March, 2017.

  Lloyd D. George
  United States District Judge

5